**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia J. Cantrell, ) | No. CV10-0900 PHX DGC |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Brian T. Moynihan, et al., ) | |
| Defendants. ) | |

Defendant Bruce Paradis has filed a motion to dismiss. Dkt. #11. The motion is fully briefed. Dkt. ##14, 17. In addition, Plaintiff has filed a reply to Paradis's reply and a motion to compel this Court "TO ADHERE TO ARIZONA REVISED STATUES [sic] PURSUANT TO: EERIE [sic] DOCTRINE." Dkt. #19 (capitalization in original). Defendants Brian T. Moynihan, James F. Taylor, Angelo Mazilo, and R. K. Arnold have also filed a motion to dismiss. Dkt. #12. The motion is fully briefed. Dkt. ##16, 18. Plaintiff has filed a reply to Defendants' reply and a motion to compel the Court "TO ADHERE TO ARIZONA REVISED STATUES [sic] PURSUANT TO: EERIE [sic] DOCTRINE." Dkt. #20. Plaintiff has also filed an emergency request for a temporary restraining order and for temporary and permanent injunctive relief. Dkt. #24.

For reasons that follow, the Court will grant both motions to dismiss (Dkt. ##11, 12) without prejudice and will deny Plaintiff's motions to compel (Dkt. ##19, 20). Because the Court will dismiss the complaint, the request for a temporary restraining order and for injunctive relief (Dkt. #24) must be denied.[1]

---

[1] The request for oral argument is denied. The parties have fully briefed the issues and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

**I. Background.**

In May of 2006, Plaintiff entered into a loan agreement for real property located at 10459 East Hillery Drive in Scottsdale, Arizona. Dkt. #12-1 at 2-28. The property was set to be sold at a trustee's sale on May 17, 2010 due to non-payment of the loan by Plaintiff. Dkt. #1-2 at 49-50. According to Plaintiff, the property is now set to be sold at a trustee's sale on June 23, 2010. Dkt. #24 at 2.

On March 29, 2010, Plaintiff filed suit in Maricopa County Superior Court against several Defendants involved in the loan agreement and the trustee's sale. Dkt. #1-1. On April 23, 2010, Defendants removed the case to this Court on the ground that Plaintiff raised federal claims in her complaint. Dkt. #1.

**II. Legal Standard.**

"To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Moreover, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (2007).

**III. Defendants' Motions.**

Defendant Paradis argues that Plaintiff's complaint is a "largely incomprehensible 127-page manifesto that appears to have been cobbled together from various internet sites, and that, despite its girth, does not contain a single allegation against any specific defendant." Dkt. #11 at 2. Defendant further contends that Plaintiff has failed to assert any factual allegations against him and that the complaint is "merely a statement of conclusions of fact

- 2 -

and law which do not provide Defendant with fair notice of Plaintiff's claims against him nor the ground upon which such claims rest." *Id.* at 2-3. In response, Plaintiff contends that her complaint is not subject to the Federal Rules of Civil Procedure and that, as a result, the Court cannot dismiss it pursuant to Rule 8 or Rule 12(b)(6). The Court disagrees. Once a case has been removed to federal court, it is subject to the Federal Rules of Civil Procedure. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("[F]ederal courts are to apply state substantive law and federal procedural law.").

The Court agrees that Plaintiff's complaint is not a model of clarity. The causes of action asserted by Plaintiff, and the Defendants against whom the various claims are asserted, cannot be determined from the complaint. As a result, the Court cannot find that the complaint "give[s] the defendant[s] fair notice of what the . . . claim[s] [are] and the grounds upon which [they] rest." *Twombly*, 550 U.S. at 555 (2007). Moreover, the Court finds that Plaintiff's complaint violates Rule 8(d)(1) of the Federal Rules of Civil Procedure, which requires that "[e]ach allegation [] be simple, concise, and direct." Complaints that are "verbose, confusing and conclusory" violate Rule 8(d) and may be dismissed. *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981). Plaintiff's complaint is confusing and conclusory and the allegations against Defendants are not simple, concise, or direct. As a result, the Court will grant Paradis's motion to dismiss the complaint pursuant to Rule 12(b)(6).

Defendants Moynihan, Taylor, Mazilo, and Arnold have also filed a motion to dismiss in which they make numerous substantive arguments about why the Court should dismiss Plaintiff's claims with prejudice. As discussed above, however, it is not clear to the Court what causes of action Plaintiff is bringing and against which Defendants. The Court therefore finds that it is premature to dismiss Plaintiff's complaint with prejudice on substantive grounds. The Court will dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) and will grant Plaintiff leave to file an amended complaint by **July 9, 2010**.

Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides, in pertinent part:

> A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a). Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Plaintiff is advised that she must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. In preparing an amended complaint, Plaintiff should consult Federal Rule of Civil Procedure 84 and the "Appendix of Forms" referenced therein because such forms "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

If Plaintiff fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

## IV. Plaintiff's Motions.

Plaintiff has filed two motions to compel this Court to adhere to the Arizona Revised Statutes pursuant to the "Eerie" doctrine. Dkt. ##19, 20. The Court has examined Plaintiff's motions and cannot determine what Plaintiff is seeking. If Plaintiff is requesting that the Court apply Arizona law in deciding this case, the Court cannot respond to her blanket assertion. The Court will endeavor to apply the correct law at each stage and to each claim of this case, including the Federal Rules of Civil Procedure. *Hanna*, 380 U.S. at 465 ("[F]ederal courts are to apply state substantive law and federal procedural law.").

Plaintiff has also filed an expedited motion for a temporary restraining order and for injunctive relief. Dkt. #24. Because the Court must dismiss the complaint, the Court will deny the motion. If Plaintiff chooses to file an amended complaint, she may re-file her

motion for a temporary restraining order after filing her amended complaint.

**IT IS ORDERED:**

1. Defendant Paradis's motion to dismiss (Dkt. #11) is **granted**. The claims are dismissed without prejudice.
2. Defendants Moynihan, Taylor, Mazilo, and Arnold's motion to dismiss (Dkt #12) is **granted**. The claims are dismissed without prejudice.
3. Plaintiff's motions to compel (Dkt. ##19, 20) are **denied**.
4. Plaintiff's request for a temporary restraining order and for injunctive relief (Dkt. #24) is **denied**.
5. Plaintiff shall have until **July 9, 2010** to file an amended complaint. If Plaintiff does not file an amended complaint by that date, the Clerk of Court shall terminate this action without further order of the Court.

DATED this 16th day of June, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge